# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| AL FANG WU, | ) | |
|          Plaintiff, | ) | |
| vs. | ) | 2:12-cv-01306-RCJ-PAL |
| PREM-MORTGAGE INC. et al., | ) | **ORDER** |
|          Defendants. | ) | |

Plaintiff Al Fang Wu has sued Defendants in pro se in this Court based upon the foreclosure or impending foreclosure of her mortgage. The Complaint lists seven causes of action: (1) fraud; (2) Real Estate Settlement Procedures Act ("RESPA"); (3) "fraudulent foreclosure"; (4) Fair Debt Collection Practices Act ("FDCPA"); (5) Truth in Lending Act ("TILA"); (6) "fraudulent assignment"; and (7) "notary fraud." The Court has seen this form complaint before. Plaintiff has changed certain (but not all) relevant portions of the Complaint to conform it to the facts of her case. Pending before the Court are Plaintiff's Motion for a Preliminary Injunction (ECF No. 3) and Defendants' Motion to Dismiss (ECF No. 12).

## I.     FACTS AND PROCEDURAL HISTORY

On January 14, 2008, Plaintiff Al Fang Wu gave lender Countrywide Bank, FSB ("Countrywide") a $192,600 promissory note secured by a deed of trust ("DOT") to purchase or refinance real property located at 7760 Muirfield Dr., Las Vegas, NV 89147 (the "Property"). (*See* DOT 1–4, Jan. 14, 2008, ECF No. 12-1). ReconTrust Co., N.A. was the trustee on the DOT, and Mortgage Electronic Registration Systems, Inc. ("MERS") was the beneficiary of the

1  DOT and Countrywide's agent with the power to transfer the note on its behalf. (*See id.* 2).  The
2  DOT therefore caused a split in the beneficial interest in the note and the DOT that would have to
3  be cured before a foreclosure could occur. *See generally Edelstein v. Bank of N.Y. Mellon*, 286
4  P.2d 249 (Nev. 2012).  On October 1, 2012, the split was cured when MERS simultaneously
5  transferred both its own interest in the DOT and Countrywide's interest in the note to Federal
6  National Mortgage Association ("Fannie Mae"). (*See* Assignment, Oct. 1, 2012, ECF No. 12-2).
7  On October 18, 2012, Seterus, Inc., purportedly as "attorney in fact" for Fannie Mae, purported
8  to substitute First American Trustee Servicing Solutions, LLC ("First American") as trustee.
9  (*See* Substitution, Oct. 18, 2012, ECF No. 12-3).  First American filed the notice of default
10  ("NOD") on November 12, 2012. (*See* NOD, Nov. 12, 2012, ECF No. 12-4, at 2).  Seterus had
11  executed the Affidavit of Authority ("AA") required under Nevada Revised Statutes section
12  107.080 on November 8, 2012 as "servicer" for Fannie Mae. (*See* AA, Nov. 8, 2012, ECF No.
13  12-4, at 5).  First American rescinded the NOD on December 14, 2012. (*See* Recission, Dec. 14,
14  2012, ECF No. 12-5).

15      Plaintiff sued Defendants Prem-Mortgage, Inc., Merscorp., Inc., MERS, and Countrywide
16  Home Loans Servicing *in pro se* in this Court on seven causes of action: (1) fraud; (2) Real
17  Estate Settlement Procedures Act ("RESPA"); (3) "fraudulent foreclosure"; (4) Fair Debt
18  Collection Practices Act ("FDCPA"); (5) Truth in Lending Act ("TILA"); (6) "fraudulent
19  assignment"; and (7) "notary fraud."  Plaintiff has asked for a preliminary injunction, and Bank
20  of America, N.A. ("BOA"), the successor entity to Countrywide Home Loans Servicing, has
21  moved to dismiss.  Merscorp and MERS have joined the motion.

22  II.    **LEGAL STANDARDS**

23      Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
24  claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of
25  what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47

1  (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action

2  that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule

3  12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720

4  F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for

5  failure to state a claim, dismissal is appropriate only when the complaint does not give the

6  defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell*

7  *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is

8  sufficient to state a claim, the court will take all material allegations as true and construe them in

9  the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th

10 Cir. 1986). The court, however, is not required to accept as true allegations that are merely

11 conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden*

12 *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action

13 with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation

14 is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*,

15 550 U.S. at 555).

16      "Generally, a district court may not consider any material beyond the pleadings in ruling

17 on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the

18 complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner*

19 *& Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents

20 whose contents are alleged in a complaint and whose authenticity no party questions, but which

21 are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6)

22 motion to dismiss" without converting the motion to dismiss into a motion for summary

23 judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule

24 of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay*

25 *Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court

considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### III.   ANALYSIS

The motion for a preliminary injunction to stop the foreclosure is moot, as the potentially defective NOD has been rescinded. The Court also dismisses as moot the third, sixth, and seventh causes of action, which allege various defects in the now-rescinded foreclosure. The Court will address the remaining claims on the merits.

#### A.   Fraud

The fraud claim is not pled with particularity, and it is therefore dismissed, with leave to amend. *See* Fed. R. Civ. P. 9(b). Plaintiff mainly refers to other federal causes of action in alleging fraud. Plaintiff must plead particular representations of fraud, i.e., that specified false representations caused Plaintiff reasonably to rely to her detriment. Plaintiff has not alleged any false representations with respect to the loan terms.

#### B.   RESPA

The Real Estate Settlement Procedures Act ("RESPA") has one- and three-year statutes of limitations. Those periods have run in this case. Also, Plaintiff only recites the RESPA requirements in the Complaint and does not identify any particular violation. This claim is dismissed with leave to amend to plead a failure to respond to a particular qualified written request within the limitations period.

#### C.   FDCPA

Although the foreclosure is itself rescinded, this does not moot potential violations of the Fair Debt Collection Practices Act ("FDCPA") during the now-rescinded foreclosure. However, Defendants are not "debt collectors" under the FDCPA. Furthermore, Plaintiff simply alleges no

///

violations of the FDCPA, such as harassing telephone calls, but only that the NOD was defective. This claim is dismissed, with leave to amend.

**D.  TILA**

As Defendants note, the Truth in Lending Act ("TILA") has a one-year statute of limitations. *See* 15 U.S.C. § 1640(e). This claim is therefore dismissed. The Complaint indicated that the mortgage documents disclose the interest rate as 6.5% in one document and as 7.178% in another document. (*See* Compl. ¶ 72). These documents were all available to Plaintiff at the time the mortgage was given several years before Plaintiff filed the Complaint.

Also, there is simply no discrepancy in disclosed interest rates. The number 6.5% represents the interest rate, whereas 7.178% represents the annual percentage rate or "APR." These percentages are different because they represent different measurements. The term "APR" is perhaps misleading because it does not represent an actual interest rate. The APR is a fictional measurement used to help the buyer appreciate the size of the mortgage-related fees compared to the loan itself. The APR tells the borrower essentially, "when all the various fixed fees you will pay for this loan are factored in, it is as if you had a loan for this higher interest rate." Only when there are no fees related to the loan is the APR the same as the interest rate. Both the fees themselves and the APR calculation must be disclosed. Ironically, the disclosure of this additional measurement, the APR, which was invented to help borrowers better understand their loans, has created more confusion, even to the point of (as here) leading to allegations of fraud. In any case, Plaintiff herself attaches a copy of the promissory note to her Complaint, which lists the nominal interest rate as 5.875%, as well as a copy of a preliminary TILA disclosure statement, which lists the APR as 6.182%. The discrepancy between the Complaint and the

///

///

///

documents attached in support indicates that Plaintiff used a form complaint and did not sufficiently edit the facts to match her own case before filing.  This claim is dismissed.

### CONCLUSION

IT IS HEREBY ORDERED that the Motion for Preliminary Injunction (ECF No. 3) is DENIED.

IT IS FURTHER ORDERED that the Motion to Dismiss (ECF No. 12) is GRANTED, with leave to amend the fraud, RESPA, and FDCPA claims.

IT IS SO ORDERED.

Dated this 15th day of February, 2013.

_____
ROBERT C. JONES
United States District Judge